CV 13 - 0195

COGAN, J.

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ARROYO, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT AND DEMAND FOR JURY |
| ) | TRIAL |
| FRONTLINE ASSET STRATEGIES, LLC, ) | |
| ) | (Unlawful Debt Collection Practices) |
| Defendant. ) | |
| ) | |

# COMPLAINT

MICHAEL ARROYO ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FRONTLINE ASSET STRATEGIES ("Defendant"):

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

4. Plaintiff is a natural person who resides in Ozone Park, New York, 11416.

5. Defendant is a debt collection company with headquarters located at 1935 County Road, B2 West, Suite 425, Roseville, Minnesota, 55113.

1

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

7. Defendant regularly conducts business in the State of New York, therefore personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff related to a Citibank credit card.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. As Plaintiff has no business debt, the alleged debt could only be personal in nature.

13. Between August of 2012 and September of 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular and work telephone numbers in its attempt to collect the alleged debt.

14. Defendant's harassing collection calls originated from numbers including, but not limited to (877) 258-1590, (888) 630-1251, and (888) 630-0560. The undersigned has confirmed this number belongs to Defendant.

15. Defendant's collectors, including but not limited "Rob Jackson" (phonetic), "Charles Moore" (phonetic), "Jimmy" (phonetic), and "Troy" (phonetic) called Plaintiff's cellular and work telephone numbers on a near-daily basis.

16. Plaintiff disputed the debt in calls with Defendant's collectors.

17. Because he disputed the debt, Defendant's collectors were also told that he refused to pay the debt and to stop calling.

18. Defendant continued to call Plaintiff.

19. Because Plaintiff clearly indicated a refusal to pay, subsequent calls that were made could only have been placed to harass Plaintiff in hopes he would change his mind and pay.

20. Defendant's harassment strategy prevailed and to end the harassment, Plaintiff agreed to a payment plan. Despite this, Defendant collectors still continued to call.

21. Defendant's collector "Charles Moore", then engaged in contacts with a business client of Plaintiff, on September 7, 2012, conversed with that client and claimed that exigent circumstances existed for Plaintiff to return the call.

22. In response to the conversation and message above, the client emailed Plaintiff about the conversation with "Charles Moore". See Exhibit "A".

23. Plaintiff was humiliated and embarrassed by the contact with his client.

24. The call adversely affected and tarnished the professional relationship.

25. Immediately upon learning of Defendant's contact with his client, a complaint was made in writing to Defendant's customer service department by emailing, complaints@frontlineas.com, on September 7, 2012, September 10, 2012, and September 12, 2012. See Exhibit "B".

26. Upon information and belief, the messages were received but disregarded.

27. Upon information and belief, the messages were not acted upon.

28. Upon information and belief, Defendant took no corrective action.

29. Upon information and belief, the messages were deleted without action.

30. Defendant never responded to any of Plaintiff's complaint emails.

31. Upon information and belief, the "complaints" department of Defendant is illusory, used in furtherance of debt collection activity, rather than investigation and response to consumer complaints.

32. Defendant took the actions described herein with the intent to harass, deceive, embarrass, and coerce payment from Plaintiff, without regard for his rights.

33. Defendant had no lawful purpose for communicating with Plaintiff's client.

34. Defendant had no lawful purpose for calling Plaintiff after he disputed/refused to pay the debt.

35. Defendant had no lawful purpose for calling Plaintiff after he had agreed to a payment arrangement.

**36.** Defendant had no lawful purpose whatsoever in adopting the collection strategy alleged above.

## COUNT I
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with any person other than a consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of the consumer's debt, without the prior consent of the consumer.

38. Defendant violated § 1692c(b) of the FDCPA when it contacted Plaintiff's client in its attempts to collect the alleged debt, without the prior consent of the consumer.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendant violated § 1692d of the FDCPA when it continuously and repeatedly called Plaintiff, when it continued to call Plaintiff after Plaintiff set up a payment schedule with Defendant, when it informed Plaintiff's client that Plaintiff owed a debt, and when it engaged in other harassing, oppressive, or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5)
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

42. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's work and cellular telephone to ring repeatedly and continuously with the intent to annoy or harass him.

## COUNT IV
## DEFENDANT VIOLATED § 1692e OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

44. Defendant violated § 1692e of the FDCPA when it contacted Plaintiff's client regarding Plaintiff's debt and misrepresented that his communicating with Plaintiff was "important," and when it engaged in other false or misleading conduct in its attempt to collect a debt that Plaintiff did not owe.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

45. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

46. Defendant violated § 1692e(10) when it contacted Plaintiff's client regarding Plaintiff's debt and misrepresented that communicating with Plaintiff was "important," and when it engaged in other false or misleading conduct in its attempt to collect the alleged debt.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

48. Defendant violated § 1692f when it contacted Plaintiff's client in its attempt to collect Plaintiff's debt and told him that the communication was "important," and when it engaged in other unfair or unconscionable means to collect a debt that Plaintiff did not owe.

WHEREFORE, Plaintiff, MICHAEL ARROYO, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

DATED: 01/08/2013

KIMMEL & SILVERMAN, P.C.

By:
Craig Thor Kimmel
Attorney ID #2790038
Attorney for Plaintiff
1001 Avenue of the Americas, 12th Floor
New York, New York 10018
Phone: (212) 719-7543
Facsimile (877) 617-2515
Email: kimmel@creditlaw.com

**From:** Rodriguez, Hector
**Sent:** Friday, September 07, 2012 11:37 AM
**To:** Arroyo, Michael
**Subject:** Front Asset Strategies

Hi Mike,
I just got a call from Charles from Front Asset Strategies. He said to call him ,it is important 888-630-1251
Regards

Hector Rodriguez
Affirmative Action Officer

**Tishman Construction Corporation**
**An AECOM Company**
100 Park Avenue
T 212-708-6800   F 212-399-3657
www.tishmanconstruction.com

Effective June 15, 2012, my new e-mail address will be ▮▮▮▮▮▮▮▮▮▮aecom.com.  Please update your contact information accordingly.



9/19/2012

FYI

---------- Forwarded message ----------
From: **Michael Arroyo** <███████@gmail.com>
Date: Wed, Sep 12, 2012 at 11:19 AM
Subject: Re: Charles Moore
To: complaints@frontlineas.com

Thank you for responding, I hope this matter is taken seriously as I am positive I am not the only victim of your companies unethical practices, and I am again requesting a copy of your procedures.

> On Wed, Sep 12, 2012 at 9:21 AM, Michael Arroyo <███████@gmail.com> wrote:
> I am again requesting a copy of your procedure manual, please contact me today at 917.709.5919.
>
>> On Mon, Sep 10, 2012 at 9:49 AM, Michael Arroyo <███████@gmail.com> wrote:
>> Good Morning, please get back to me with the information requested below.
>>
>> Thanks
>>
>> Mike Arroyo
>>
>>> On Fri, Sep 7, 2012 at 2:09 PM, Michael Arroyo <███████@gmail.com> wrote:
>>> Today, Charles Moore contacted a company that is a client of the company I work for, regarding my personal debt. I have since spoken to Jimmy and Rob Jackson of this situation and was assured that it would be handled properly. I understand the nature of your business is debt collecting but calling third party sources to contact me is unreal, please send me a copy of your policies and practices regarding this, therefore I can review because I have never heard of this type business practices before.
>>>
>>> Sincerely,
>>>
>>> Michael Arroyo
>>> ███████



PLAINTIFF'S EXHIBIT B

9/19/2012