UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MICHAEL ARROYO,                                              :    **MEMORANDUM**
                                                             :    **DECISION AND ORDER**
                              Plaintiff,                     :
                                                             :    13 cv 195 (BMC)
             - against -                                     :
                                                             :
FRONTLINE ASSET STRATEGIES, LLC,                             :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X

**COGAN**, District Judge.

In this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Clerk has entered default and plaintiff has moved for a default judgment. The motion is granted for the reasons set forth below.

## BACKGROUND

The following facts are taken from the allegations in the complaint, which are deemed admitted as to liability, and plaintiff's motion for a default judgment to the extent they are supported by evidence that plaintiff has submitted. Defendant has not opposed the motion for default judgment.

Defendant's employees placed repeated collection calls to plaintiff's cellular and work telephone numbers between August and September of 2012. Plaintiff advised the numerous callers that he disputed the debt and that he was refusing to pay it, and demanded that the calls cease. They did not, and ultimately, plaintiff, under continuing pressure, agreed to a payment plan.

Not satisfied with the payment plan, defendant's employees continued to contact plaintiff. One went so far as to approach a client of plaintiff's, telling that client to tell plaintiff that it was urgent that plaintiff call the collector. Plaintiff, upon hearing of this embarrassing contact with his client, began sending repeated emails to defendant's customer service department protesting this contact and demanding a copy of any "policies and practices" of defendant that would allow it. These emails were ignored. Plaintiff thereupon commenced this action.

## DISCUSSION

In light of defendant's default, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. Based on the default, defendant is liable to plaintiff pursuant to the FDCPA sections 1692c(b) (contacting third parties other than to obtain location information); 1692(d)(harassment); 1692e(1) (false representations regarding a payment plan), and probably several other sections. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Federal Rule of Civil Procedure 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

2

The FDCPA provides for statutory damages of up to $1000.  The admitted facts alleged in the complaint clearly entitle plaintiff to the maximum statutory recovery, and it is awarded.

Plaintiff also seeks attorneys' fees of $3889.50, plus costs of $425.  The FDCPA of course allows for recovery of reasonable fees and costs to the prevailing party, see 15 U.S.C. § 1692k(a)(3).  The attorneys' fees claimed are based on 19.7 hours worked at $300 per hour for plaintiff's counsel, a partner with over 20 years extremely in consumer litigation; $225 per hour for one senior associate; and $80 and $100, respectively, for two paralegals.  These are eminently reasonable rates in this district and the hours expended are also reasonable under any application of the controlling standard.  See generally Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541 (1984); Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983); Cohen v. W. Haven Bd. Of Police Comm'rs, 638 F.2d 496, 506 (2d Cir. 1980).

## CONCLUSION

Plaintiff's motion for a default judgment is granted.  The Clerk is directed to enter judgment in favor of plaintiff in the amount of $1000 in statutory damages, $3889.50 in attorneys' fees, and $425 in costs, for a total of $5314.50.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
April 15, 2012

3

Case 1:13-cv-00195-BMC   Document 13   Filed 04/15/13   Page 4 of 4 PageID #: 73

4